IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>for the Use of M&M INSULATION, INC., )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>INTERNATIONAL FIDELITY )<br>INSURANCE COMPANY, )<br>JENNINGS SERVICE COMPANY, INC., )<br>BHATE ENVIRONMENTAL ASSOCIATES, )<br>INC., NATIONVIEW/BHATE JV III, )<br>LLC, and LEXON INSURANCE COMPANY, )<br>)<br>    Defendants, )<br>)<br>UNITED STATES OF AMERICA, )<br>for the Use of JENNINGS SERVICE )<br>COMPANY, INC., )<br>)<br>    Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>BHATE ENVIRONMENTAL )<br>ASSOCIATES, INC. and )<br>LEXON INSURANCE COMPANY, )<br>)<br>    Third-Party Defendants. ) | Case No. CIV-13-566-D |

**<u>ORDER</u>**

    Before the Court is Defendants Nationview/Bhate JV III, LLC, Bhate Environmental Associates, Inc. and Lexon Insurance Company's Motion to Dismiss Amended Complaint for Lack of Jurisdiction [Doc. No. 26], filed pursuant to Fed. R. Civ. P. 12(h)(3). Both Plaintiff M&M Insulation, Inc. and Defendant/Third Party Plaintiff Jennings Service Company, Inc. have filed

responses in opposition to the Motion [Doc. Nos. 28 and 29], and the time for filing a reply brief has expired.

The movants assert that the Court lacks subject matter jurisdiction of this action under the Miller Act, 40 U.S.C. §§ 3131-3134, because a third-tier subcontractor on a government project, such as Plaintiff M&M Insulation, Inc. (M&M), has no right of action under the Miller Act. The Motion is purportedly based on undisputed facts: that the United States awarded the prime contract at issue to Nationview/Bhate Joint Venture III, LLC (NBJV); that Bhate Environmental Associates, Inc. (Bhate) is a subcontractor to NBJV; that M&M alleges its contract is with Defendant/Third Party Plaintiff Jennings Service Company, Inc. (Jennings); and thus, M&M is a sub-subcontractor three levels removed from the United States. The movants cite well-established legal authority that the Miller Act is inapplicable to a third-tier subcontractor. *See J.W. Bateson Co. v. United States ex rel. Board of Trustees of National Automatic Sprinkler Industry Pension Fund*, 434 U. S. 586 (1978). In the alternative, the movants assert that this action must be stayed pending arbitration between Bhate and Jennings.

Plaintiff M&M argues that Miller Act jurisdiction exists because NBJV is a sham company that should be disregarded, making M&M a second-tier subcontractor. Plaintiff asserts that because NBJV is a dummy or sham company controlled by Bhate, NBJV and Bhate should be treated as a unitary prime contractor for purposes of the Miller Act.[1] To support its argument, M&M relies on evidence submitted with its response brief showing that Bhate listed itself as the general contractor on the contract it signed with Jennings; that the government's records for the construction project

---

[1] In response to a prior motion to dismiss for lack of jurisdiction, Plaintiff amended its original Complaint to allege that "NBJV and/or Bhate" is the general contractor and executed a payment bond with Lexon Insurance Company. *See* Am. Compl. [Doc. No. 21] ¶¶ 9, 39. Accordingly, Plaintiff added Miller Act claims directed against these parties. Bhate and the surety had previously appeared in the case as third party defendants on claims asserted by Jennings.

2

do not list Bhate as a subcontractor; that there is no written contract between NBJV and Bhate; and that NBJV and Bhate office in the same building. Alternatively, Plaintiff argues that the Court has diversity jurisdiction for a breach of contract action, acknowledging that all parties except Jennings would have to be dismissed because Plaintiff's contract is only with Jennings.

Jennings similarly relies on the fact that Bhate named itself as "Contractor" on the project in its contract with Jennings. Jennings takes the position that it is a subcontractor and Plaintiff is a sub-subcontractor or second-tier subcontractor entitled to make a claim under the payment bond for the project. Under this view, the Court has Miller Act jurisdiction over both the claims asserted by M&M and those asserted by Jennings in its Third Party Complaint. Additionally, Jennings argues that this case should be stayed pending completion of the arbitration proceeding between itself and Bhate because the arbitration will have an effect on the claims asserted in this case and a stay will avoid duplicative proceedings on the same or similar issues.

**Standard of Decision**

The Motion was filed pursuant to Rule 12(h)(3), which authorizes a district court to dismiss an action at any time if the court determines it lacks subject matter jurisdiction. Because the Motion is directed at the Amended Complaint, which added claims against the movants as named defendants, it is also governed by Rule 12(b)(1), which authorizes a defendant to respond to a complaint by filing a motion to dismiss for lack of subject matter jurisdiction. The standards of decision are the same. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.4 (10th Cir. 1987).

"Motions to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of*

3

*Albuquerque v. United States Dep't of Interior*, 379 F. 3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F. 3d 1173, 1180 (10th Cir. 2002)).  Where, as here, "the movant goes beyond the allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends . . . , the court must look beyond the complaint and has wide discretion to allow documentary and even testimonial evidence." *Paper, Allied-Industrial, Chem. & Energy Workers Int'l Union v. Continental Carbon Co.*, 428 F.3d 1285, 1292 (10th Cir. 2005); *see Holt v. United States*, 46 F. 3d 1000, 1002-03 (10th Cir. 1995).  A court may consider such evidence without converting the motion to one for summary judgment under Rule 56, unless "the jurisdictional question is intertwined with the merits of the case." *Holt*, 46 F. 3d at 1003; *see Sizova v. Nat'l Inst. Standards & Tech.*, 282 F.3d 1320, 1324 (10th Cir. 2002); *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *Wheeler*, 825 F.2d at 259.  The issues are considered to be intertwined for this purpose where "resolution of the jurisdictional question requires resolution of an aspect of the substantive claim." *Pringle*, 208 F.3d at 1223 (10th Cir.2000); *see Sizova*, 282 F.3d at 1324.

In this case, the Court finds that the jurisdictional question is so intertwined with the merits of the case that the procedural protections of Rule 56 should apply.  Generally, the issues are regarded as intertwined "if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." *See Holt*, 46 F.3d at 1003; *see Wheeler*, 825 F.2d at 259 (question of whether plaintiff was "employee" under federal discrimination statutes involved jurisdictional and merits issues).  Specifically, the question of Plaintiff's status as either a second-tier or third-tier subcontractor will determine both the jurisdictional question of whether it can sue under the Miller Act and which performance bond or bonds cover its claim.

**Discussion**

Plaintiff's position that NBJV and Bhate should be treated as one unitary contractor for Miller Act purposes is based on a case recently decided by the Tenth Circuit, *United States ex rel. O.L.S., Inc. v. Southwind Construction Services, LLC,* 510 F. App'x 688 (10th Cir. 2013). In that case, the plaintiff argued that looking at substance over form, a subcontractor was in reality the *de facto* prime contractor and the court should treat the contractor and subcontractor as a single, unitary contractor. *See id.*, 510 F. App'x at 690-91. In making the argument, the plaintiff relied on *Glens Falls Insurance Co. v. Newton Lumber & Manufacturing Co.,* 388 F.2d 66 (10th Cir. 1967), as authority for disregarding the parties' formal contractual relationships. *See Southwind*, 510 F. App'x at 591. The Tenth Circuit questioned the viability of the "substance over form" approach after the Supreme Court's decision in *J. W. Bateson Co. v. United States ex rel. Board of Trustees of National Automatic Sprinkler Industry Pension Fund*, 434 U. S. 586 (1978), and ultimately relied on the statutory definition of "contractor" and the definition of "subcontractor" endorsed in *Bateson*. The Tenth Circuit determined that the contractor in *Southwind* was the entity awarded the government contract – Southwind Construction Company, Inc. – and the entity to which it subcontracted the majority of the work on the project – Southwind Construction Services, LLC – was the subcontractor.

The Tenth Circuit acknowledged in *Southwind*, however, that some federal courts have held "it may be possible to treat the prime contractor and its subcontractor as a unitary prime contractor for the purposes of the Miller Act, but 'only where ordinary principles of corporate law permit the courts to disregard corporate forms.'" *Id*. at 692 (quoting *United States ex rel. Global Bldg. Supply,*

5

*Inc. v. WNH Ltd. P'ship*, 995 F.2d 515, 519 (4th Cir. 1993)); *see also Ragan v. Tri-County Excavating, Inc.*, 62 F.3d 501, 508-09 (3d Cir. 1995). The district court in *Southwind* applied Oklahoma law holding that "to disregard the separate corporate existence of an entity, a party must show either 1) that the separate corporate existence of that entity is a design or scheme to perpetrate a fraud, defeat public convenience, justify a wrong or defend a crime; *or* 2) that one corporation is so organized and controlled and its affairs so conducted that it is merely an instrumentality or adjunct of another corporation, a dummy or a sham." *Id*. (quoting court record, emphasis in original); *see Tulsa Tribune Co. v. State ex rel. Okla. Tax Comm'n*, 768 P.2d 891, 894 (Okla. 1989). Because the plaintiff in *Southwind* failed to satisfy this standard "or even to create a genuine issue of fact on the matter," the court of appeals affirmed the district court's dismissal of a third-tier subcontractor's Miller Act case against the prime contractor, the first-tier subcontractor, and the surety. *Id*. at 693.

Following the Tenth Circuit's guidance in *Southwind*, the Court finds that the entity awarded the contract for construction of the child development center at Tinker Air Force Base is NBJV and, therefore, NBJV is the "contractor" for Miller Act purposes. This finding is based on public records and undisputed documentary evidence submitted by both Plaintiff and the movants. *See* Defs.' Reply Br., Ex. 1 [Doc. No. 24-1]; Pl.'s Resp. Br., Ex. 1 [Doc. No. 28-1]; *see also* http://www.defense.gov/contracts/contract.aspx?contractid=4297. The question of Bhate's status regarding the project is less clear. The movants assert, without evidentiary support, that Bhate is a subcontractor of NBJV and that Bhate's subcontract agreement with Jennings is a sub-subcontract, making Jennings a second-tier subcontractor. Plaintiff disputes this assertion, and presents evidence

that Bhate is not listed in public records as a subcontractor on the project and that the movants' counsel has stated no written subcontract exists between NBJV and Bhate.

Plaintiff argues in its response brief that NBJV is a sham company controlled by Bhate and Bhate held itself out to third parties, such as Jennings, as the prime contractor. However, Plaintiff lacks factual support for its position that the separate existence of NBJV and Bhate should be disregarded under Oklahoma law.[2] Plaintiff relies for an inference that Bhate controlled NBJV on an argument that the existence of an oral subcontract worth $9 million is unbelievable and on the fact that they share a building bearing the name, "Bhate." Plaintiff's only evidence of fraud is Bhate's failure to disclose to Jennings its status as a subcontractor, if that was the case. *See* Pl.'s Resp. Br., Ex. 2 [Doc. No. 28-2]. Under Oklahoma law, however, fraud "cannot be inferred from facts which may be consistent with honesty of purpose." *See Mohoma Oil Co. v. Ambassador Oil Corp.*, 474 P.2d 950, 958 (Okla. 1970). Another possible inference from Bhate's representation of itself as the contractor and from the omission of its name on the list of subcontractors is that Bhate was acting as a member or agent of NBJV with regard to the project. The record contains no information about the membership or management structure of NBJV, which is alleged to be "an Alabama Limited Liability Corporation." *See* Am. Compl. [Doc. No. 21], ¶ 8.

For these reasons, the Court finds that Plaintiff has thus far failed to establish its asserted basis for an exercise of jurisdiction under the Miller Act. Regarding Plaintiff's argument that the Court has diversity jurisdiction for its claim against Jennings, the Amended Complaint contains

---

[2] It is unclear whether Oklahoma law governs this issue, since the contract was awarded to NBJV in Alabama and the subcontract between Bhate and Jennings apparently was made in Alabama. Under a choice of law analysis utilizing Oklahoma law, the law of Alabama might apply. *See Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1183-84 (N.D. Okla. 2011).

7

insufficient factual allegations to satisfy 28 U.S.C. § 1332. For jurisdictional purposes, a corporation is a citizen of the state where it was incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(i); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013) (defining principal place of business). The Amended Complaint fails to establish complete diversity of citizenship between M&M and Jennings because their principal places of business are not identified.

## Conclusion

On the present record, Plaintiff has failed to establish the existence of federal subject matter jurisdiction. However, because the jurisdictional and merits issues are intertwined, Plaintiff is entitled to the procedural protections of Rule 56. Therefore, by this Order, the Court provides notice to the parties of its intent to consider the Motion to Dismiss as a motion for summary judgment, and to give Plaintiff "a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d).

IT IS THEREFORE ORDERED that the Motion to Dismiss Amended Complaint for Lack of Jurisdiction [Doc. No. 26] is converted to a motion for summary judgment, and Plaintiff is directed to respond in the manner required by Rule 56(c) within 21 days from the date of this Order.

IT IS SO ORDERED this 9th day of April, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE