# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

M&M INSULATION, INC.,                          )
                                               )
    Plaintiff,             )
                                               )
v.                                             )          Case No. CIV-13-566-D
                                               )
JENNINGS SERVICE COMPANY, INC.,                )
                                               )
    Defendant,             )
                                               )
UNITED STATES OF AMERICA,                      )
for the Use of JENNINGS SERVICE                )
COMPANY, INC.,                                 )
                                               )
    Third-Party Plaintiff, )
                                               )
v.                                             )
                                               )
BHATE ENVIRONMENTAL                            )
ASSOCIATES, INC., *et al*.,                    )
                                               )
    Third-Party Defendants. )

# **O R D E R**

Before the Court is Third-Party Defendants Bhate Environmental Associates, Inc. and

Lexon Insurance Company's Motion to Compel Arbitration [Doc. No. 45]. Despite its title,

the relief sought by the Motion is a stay of the third-party action in this case pending the

completion of an arbitration proceeding between Defendant/Third-Party Plaintiff Jennings

Service Company, Inc. ("Jennings") and Third-Party Defendant Bhate Environmental

Associates, Inc. ("Bhate"). Jennings has filed a timely response asserting that the entire case

should be stayed. Jennings contends a stay of both arbitrable and nonarbitrable claims is

appropriate, citing *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 785 (10th Cir. 1998).

Plaintiff M&M Insulation, Inc. objects to a stay of the entire action. Plaintiff argues that Jennings' cited authority is inapposite because *Riley* involved nonarbitrable claims of a party that had agreed to arbitrate some claims, while Plaintiff did not agree to arbitration. Plaintiff recognizes the Court's discretionary authority to grant a stay if "a clear case of hardship or inequity in being required to go forward" is shown. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936). But Plaintiff argues that Jennings has failed to make such a showing.

Under the Federal Arbitration Act, a court must stay litigation involving claims subject to arbitration pursuant to a written agreement of the parties, if the applicant for a stay is not in default in proceeding with arbitration. *See* 9 U.S.C. § 3. Jennings' claims in the Third-Party Complaint are subject to an arbitration agreement, and an arbitration of those claims is pending. Thus, a stay of Jennings' third-party action against Bhate is mandated by statute. The question is whether claims of a nonparty to the arbitration should also be stayed.

Plaintiff had a contract with Jennings to provide labor and materials for a construction project at Tinker Air Force Base. This work was part of a subcontract awarded to Jennings by Bhate, which was a contractor on the project.[1] Plaintiff claims that Jennings has failed to pay for Plaintiff's work on the project. Jennings denies that Plaintiff is entitled to the full

---

[1] The contract between Jennings and Bhate contains a mandatory arbitration clause; the contract between Plaintiff and Jennings is silent regarding arbitration.

amount claimed, but admits that Plaintiff has not been paid for some work. Jennings claims it has been unable to pay Plaintiff the amount owed because Bhate has failed to pay Jennings for a substantial amount of work on the project, including work done by Plaintiff under a change order that Bhate has failed to approve.

Jennings' claims against Bhate are the subject of an arbitration proceeding that was initiated in August, 2013. The parties do not state whether a date has been set for the arbitration hearing.[2] Jennings argues that the outcome of the arbitration will affect Plaintiff's claims because one issue to be decided is Bhate's approval of certain change orders, including the one involving Plaintiff's work. Jennings does not contend, however, that Plaintiff's right to payment is contingent upon Jennings' receipt of payment from Bhate. Nor does Jennings explain why Plaintiff remains unpaid for some of its work. Plaintiff argues that the resolution of its claim against Jennings will be unaffected by any arbitral decision and, thus, its lawsuit should not be delayed while Jennings and Bhate arbitrate their dispute.

A district court's decision to stay litigation of nonarbitrable claims while other claims are arbitrated is a matter of discretion, and the exercise of discretion does not depend on whether the nonarbitrable claim is one of a party or a nonparty to the arbitration agreement. *See*, *e.g.*, *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 20 n.23 (1983) ("In some cases, . . . it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as

---

[2] Bhate states only that the parties to the arbitration are conducting discovery, and have scheduled a mediation for August 26, 2014.

a matter of its discretion to control its docket.") (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936)). Granting a stay of litigation as to a non-arbitrating party "is based on considerations of judicial efficiency." *Coors Brewing Co. v. Molson Breweries*, 51 F.3d 1511, 1518 (10th Cir. 1995). Factors relevant to the court's decision are: 1) whether a stay would promote judicial economy; 2) whether a stay would avoid confusion and possible inconsistent results; and 3) whether a stay would cause undue hardship or prejudice to a party. *See Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Inc.*, 760 F. Supp. 1036, 1045 (E.D.N.Y.1991) (cited in *Coors Brewing*, 51 F.3d at 1518). Another pertinent factor is "whether a resolution of [a party's] arbitrable claims will have a preclusive effect on the nonarbitrable claims that remain subject to litigation." *Riley*, 157 F.3d at 785.

Upon consideration of these factors under the circumstances presented, the Court finds that Jennings has failed to justify a stay of the entire case while Bhate and Jennings complete their arbitration proceeding. There is no contention that a resolution of Jennings' claims will have a preclusive effect on Plaintiff's claim. Further, it appears that an arbitral decision on Jennings' claims against Bhate will have a minimal effect, if any, on Plaintiff's action against Jennings. Apart from one unapproved change order, there appears to be no factual overlap. The Court also finds no meaningful prejudice to Jennings if it is required to simultaneously litigate Plaintiff's claim and arbitrate its claim against Bhate. Due to a significant period of delay caused by prior challenges to a claim asserted by Plaintiff under the Miller Act (which Plaintiff voluntarily dismissed July 9, 2014), this case has made little progress even though

it has been pending for over a year. No scheduling conference has been held, and no case management schedule has been established. Under the circumstances, the Court finds that Plaintiff is entitled to proceed with the litigation of its claim for payment, without awaiting the outcome of the arbitration between Jennings and Bhate.

For these reasons, the Court finds that a stay of litigation regarding Jennings' Third-Party Complaint must be ordered but that the stay should not extend to Plaintiff's Second Amended Complaint against Jennings.

IT IS THEREFORE ORDERED that the Third-Party Defendants' Motion [Doc. No. 45] is GRANTED, as set forth herein. The third-party action is STAYED during the pendency of the arbitration proceeding, and Third-Party Defendants Bhate Environmental Associates, Inc. and Lexon Insurance Company need not participate as parties to this case during the pendency of the stay. Defendant/Third-Party Plaintiff Jennings Service Company, Inc. shall provide prompt notice of the conclusion of the arbitration, either through the issuance of an arbitral decision or otherwise. The primary action will be set for a scheduling conference on the Court's next available docket.

IT IS SO ORDERED this 27th day of August, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE